IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEANNIE GEISER, as Administratrix of
The ESTATE of JACOB GEISER, Deceased,
And JEANNIE GEISER, Individually,

        Plaintiffs,

vs.

        CIVIL ACTION NO:  5:10cv21
        Judge Stamp

SIMPLICITY, INC. a/k/a SIMPLICITY FOR
CHILDREN, SFCA, INC. d/b/a SIMPLICITY,
INC., a/k/a SIMPLICITY FOR CHILDREN,
BLACKSTREET CAPITAL MANAGEMENT INC.
d/b/a BLACKSTREET CAPITAL PARTNERS, LLC
d/b/a SIMPLICITY, INC. a/k/a SIMPLICITY FOR
CHILDREN and d/b/a SFCA, INC., WAL-MART
STORES EAST, LP, WAL-MART STORES, INC.,
GRACO CHILDREN'S PRODUCTS INC., NEWELL
RUBBERMAID, INC. d/b/a GRACO CHILDREN'S
PRODUCTS, INC., And JOHN DOE(S)
MANUFACTURER/DISTRIBUTOR/WHOLESALER,

        Defendants.

## DEFENDANTS BLACKSTREET CAPITAL MANAGEMENT, LLC AND BLACKSTREET CAPITAL PARTNERS, LP'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

    Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant Blackstreet

Capital Management, LLC ("BCM") and Blackstreet Capital Partners, LP[1] ("BCP" and,

---

[1] Plaintiff's Complaint is directed toward an entity identified as "Blackstreet Capital Management, Inc. d/b/a Blackstreet Capital Partners, LLC d/b/a Simplicity, Inc. a/k/a Simplicity for Children and d/b/a SFCA, Inc."  Neither of Blackstreet Capital Management, Inc. and Blackstreet Capital Partners, LLC are known entities.  By appearing specially through counsel for this limited purpose, the Blackstreet Entities do not subject themselves to the general jurisdiction of this Court or waive their right to challenge personal jurisdiction. *See Patton v. Eicher*, 85 W.Va. 465,  102 S.E. 124, 125 (W.Va. 1920) ("it is generally held that a special

EXHIBIT A

collectively with BCM, "the Blackstreet Entities") move this Court to dismiss them from this civil action based on lack of personal jurisdiction.[2]  The Blackstreet Entities should be dismissed from this case due to their complete lack of contact with the State of West Virginia.

## I.  STATEMENT OF FACTS

This case involves a product liability claim for an alleged wrongful death of an infant arising from the manufacture and sale of an allegedly defective crib by Simplicity, Inc., an entity that has no affiliation with the Blackstreet Entities.  See, Affidavit of Murry N. Gunty, attached as Exhibit 1, at ¶ 9.  Notably, neither of the Blackstreet Entities manufacture, distribute, or engage in the retail or wholesale sale of cribs, in West Virginia or elsewhere.  Id. at ¶ 8.  The crib was allegedly manufactured by Simplicity, Inc. under the Graco trademark.  Complaint,  ¶ 30.  Plaintiff purchased the crib at a Wal-Mart store in St. Clairsville, Ohio in January, 2006.  Complaint,  ¶ 34. The death occurred on January 15, 2008, in Ohio County, West Virginia.  Complaint,  ¶ 2.

BCM is a Delaware limited liability company with its only office in Bethesda, Maryland.  See, Exhibit 1, at ¶ 2; Complaint, ¶ 13.  BCM does not have offices in West Virginia and has never had an office in West Virginia.  Id. at ¶ 3.  BCM has never been authorized to do business

---

appearance by a defendant for the purpose of denying the jurisdiction of the court over his person or property does not subject him to the general jurisdiction of the court").  *See also International Shoe Co. v. State of Washington, Office of Unemployment Compensation*, 326 U.S. 310 (1945) (defendant appeared specially for the purpose of challenging personal jurisdiction without subjecting itself to the general jurisdiction of the court).

[2] By this Motion, Blackstreet Entities move for dismissal from any and all claims, cross-claims, third party complaints that have been, or may be, filed against them in this action, including, but not limited to, the Complaint filed by Plaintiff, the cross-claim filed by Wal-Mart Stores, East, LP, and Wal-Mart Stores, Inc. on February 25, 2010, and the cross-claim filed by Simplicity, Inc. a/k/a Simplicity for Children on March 22, 2010.

in West Virginia, and it has never had an agent for service of process within West Virginia. Id. at ¶ 4. No members, employees, or shareholders of BCM are West Virginia residents. Id. at ¶ 5. BCM does not own real or personal property in West Virginia and does not pay taxes in West Virginia. Id. at ¶¶ 6 and 7.

BCP is a Delaware limited partnership with its only office in Bethesda, Maryland. See, Exhibit 1, at ¶ 2; Complaint, ¶ 13. BCP does not have offices in West Virginia and has never had any offices in West Virginia. Id. at ¶ 3. BCP has never been authorized to do business in West Virginia, and it has never had an agent for service of process within West Virginia. Id. at ¶ 4. None of the partners of BCP are West Virginia residents. Id. at ¶ 5. BCP does not own real or personal property in West Virginia and does not pay taxes in West Virginia. Id. at ¶¶ 6 and 7.

## II.    DISCUSSION OF LAW

Plaintiff has failed to allege any actions by either of the Blackstreet Entities in West Virginia, or any connections between either of the Blackstreet Entities and West Virginia, which would suffice to secure personal jurisdiction over either of the Blackstreet Entities in West Virginia.    Indeed, Plaintiff cannot do so inasmuch as Plaintiff's allegations against the Blackstreet Entities in this regard are not supported in fact or in law.  As previously noted, BCM is a Delaware limited liability company and BCP is a Delaware limited partnership. See, Exhibit 1 at ¶ 2.  Each of the Blackstreet Entities has its only office in Bethesda, Maryland. Id.  BCM provides advisory and other related services to private investment funds based in Maryland and to certain other companies, none of which is located in West Virginia. Id.  BCP is an investment fund which does not have any investments located in West Virginia. Id.

When determining personal jurisdiction over a foreign company or partnership, the Supreme Court of Appeals of West Virginia has set forth a two-step analysis. "The first step

involves determining whether the defendant's actions satisfy our personal jurisdiction statutes set forth in W.Va.Code § 31-1-15[3] and W.Va.Code § 56-3-33. The second step involves determining whether the defendant's contacts with the forum state satisfy federal due process." Bell Atlantic-West Virginia, Inc. v. Ranson, 201 W.Va. 402, 413, 497 S.E.2d 755, 766 (W.Va. 1997).  Each of these steps must be satisfied in order for personal jurisdiction to exist.  Here, Plaintiff cannot meet either of these steps.  As a result, Plaintiff's Complaint against the Blackstreet Entities must be dismissed.

      1.  Plaintiff Cannot Satisfy the West Virginia Long Arm Statutes

Plaintiff has not alleged any actions by the Blackstreet Entities which would satisfy the West Virginia long-arm statutes.  Therefore, Plaintiff cannot meet the first step of the personal jurisdiction test.  Plaintiff attempts to assert personal jurisdiction over the Blackstreet Entities through the West Virginia long-arm statutes (W.Va. Code §§ 31D-15-1501 and 56-3-33), making broad, unspecified allegations that Blackstreet (1) transacted business in the state; (2) contracted to supply goods in the state; (3) caused tortious injury by an act or omission in the state; and (4) manufactured, sold, or supplied products in a defective condition which caused injury to Plaintiff in West Virginia.  Complaint,  ¶¶ 14, 15, 18.  However, the facts do not bear this out.

W.Va. Code § 31D-15-1501 establishes that for purposes of jurisdiction, a foreign corporation is deemed to be "transacting business" in West Virginia if

---

[3] W.Va. Code § 31-1-15 was repealed and replaced by W.Va. Code § 31D-15-1501 in 2002. W.Va. Code § 31D-15-1501 defines "transacting business" in West Virginia for purposes of registering in the state and for jurisdiction.  The relevant subsection regarding jurisdiction based on the manufacture, sale, or supply of "any product in a defective condition" is the same as that contained in the superseded statute.

(1) The corporation makes a contract to be performed, in whole or in part, by any party thereto in this state;

(2) The corporation commits a tort, in whole or in part, in this state; or

(3) The corporation manufactures, sells, offers for sale or supplies any product in a defective condition and that product causes injury to any person or property within this state notwithstanding the fact that the corporation had no agents, servants or employees or contacts within this state at the time of the injury.

W.Va. Code § 56-3-33 similarly establishes jurisdiction in West Virginia for enumerated acts, including acts generally alleged by Plaintiff:

(1) Transacting any business in this state;

(2) Contracting to supply services or things in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he or she regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he or she might reasonably have expected such person to use, consume or be affected by the goods in this state: *Provided,* That he or she also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state . . .

In this case, neither of the Blackstreet Entities have committed any of the acts enumerated in W.Va. Code §§ 31D-15-1501 or 56-3-33. First, neither of the Blackstreet Entities entered into any contracts in West Virginia, or any other state, for the sale of baby cribs. See Exhibit 1 at ¶ 8. Any contract for the sale of goods allegedly occurred between Simplicity, Inc. and the Wal-Mart Stores, not between one or more of the Blackstreet Entities and the Wal-Mart Stores. Each of the

Blackstreet Entities are completely separate entities unrelated to Simplicity, Inc. Id. at ¶¶ 9 and 10.  Indeed, Plaintiff has not alleged that the Blackstreet Entities themselves manufactured, sold, offered for sale, or supplied the baby crib at issue in this case.  Instead, Plaintiff alleges that Simplicity, Inc., not one or more of the Blackstreet Entities, manufactured, sold, offered for sale, or supplied the baby crib at issue in this case.  As noted, neither of the Blackstreet Entities manufactures, sells, offers to sell, or supplies baby cribs, nor do either of them, as the Plaintiff alleges, "facilitates" any such activity. Id. at ¶ 8.  Second, Plaintiff has not alleged that one or more of the Blackstreet Entities themselves committed a tort in West Virginia.  Again, Plaintiff alleges that Simplicity, Inc., not one or more of the Blackstreet Entities, defectively manufactured and/or designed the baby crib at issue in the case and that Simplicity, Inc., not one or more of the Blackstreet Entities, entered the stream of commerce by distributing the baby cribs throughout the country.

Because neither of the Blackstreet Entities committed any of the acts required for personal jurisdiction over a foreign entity via the long-arm statutes of West Virginia, Plaintiff cannot satisfy even the first step in the analysis required in order to obtain personal jurisdiction. Plaintiff's Complaint should, therefore, be dismissed as to the Blackstreet Entities.

2.  Plaintiff Cannot Satisfy the Dictates of Federal Due Process

Likewise, Plaintiff cannot meet the second required step for personal jurisdiction.  The Supreme Court of Appeals of West Virginia has consistently held, "[t]he standard of jurisdictional due process is that a foreign corporation must have such minimum contacts with the state of the forum that the maintenance of an action in the forum does not offend traditional notions of fair play and substantial justice."  See Hill by Hill v. Showa Denko, K.K., syllabus point 1, 188 W.Va. 654, 425 S.E.2d 609 (W.Va. 1992).  In order to comport with fair play and

substantial justice, "the defendant's conduct in connection with the forum State must be such that he should reasonably anticipate being haled into court there." Id. at 657, 425 S.E.2d at 612. That is not the case here.

The Blackstreet Entities have not engaged in any conduct which would cause them to reasonably anticipate being haled into a West Virginia court.  In this regard, courts have traditionally considered whether the foreign entity has committed acts within the forum state or has evidenced  an "intent to enter the forum state." See Williams v. Advertising Sex, LLC, 2008 WL 4525015 (N.D.W.Va. 2008)(unreported); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).  Courts also refuse to grant personal jurisdiction over a foreign entity when the plaintiff has "failed to assert any contact" in West Virginia. See Bradley v. General Counsel, 2008 WL 713921 (N.D.W.Va. 2008)(unreported); Bryan v. U.S. Dept. of Justice, 2007 WL 2892967 (N.D.W.Va. 2007)(unreported); Kibler v. Haynes, 2007 WL 1468599 (ND.W.Va. 2007)(unreported).

Here, the Blackstreet Entities do not do business in West Virginia and have not committed any acts in West Virginia.  The Blackstreet Entities have shown no intent to enter West Virginia.  As a result, Plaintiff's assertion of personal jurisdiction over the Blackstreet Entities in West Virginia clearly offends traditional notions of fair play and substantial justice. Plaintiff's Complaint against the Blackstreet Entities should, therefore, be dismissed.

## III.   CONCLUSION

Because Plaintiff cannot establish that either of the Blackstreet Entities committed any of the enumerated acts set forth in the West Virginia long-arm statutes, and the Blackstreet Entities have not had any contacts with the State of West Virginia, federal due process and West Virginia law dictate that this Court does not have personal jurisdiction over either of the Blackstreet

Entities.   Therefore, Blackstreet Capital Management, LLC and Blackstreet Capital Partners, LP's Motion to Dismiss for lack of personal jurisdiction should be granted.

Respectfully Submitted,

Blackstreet Capital Management, LLC and
Blackstreet Capital Partners, LP

Defendant,

BY COUNSEL:


*s/ Stephanie D. Thacker*
David B. Thomas, Esq. (WV Bar No. 3731)
Stephanie D. Thacker, Esq. (WV Bar No. 5898)
Allen Guthrie & Thomas, PLLC
500 Lee Street, East, Suite 800
P. O. Box 3394
Charleston, WV 25333-3394
(304) 345-7250
dbthomas@agmtlaw.com
sdthacker@agmtlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEANNIE GEISER, as Administratrix of
The ESTATE of JACOB GEISER, Deceased,
And JEANNIE GEISER, Individually,

        Plaintiffs,

vs.

                                    CIVIL ACTION NO:  5:10cv21
                                    Judge Stamp

SIMPLICITY, INC. a/k/a SIMPLICITY FOR
CHILDREN, SFCA, INC. d/b/a SIMPLICITY,
INC., a/k/a SIMPLICITY FOR CHILDREN,
BLACKSTREET CAPITAL MANAGEMENT INC.
d/b/a BLACKSTREET CAPITAL PARTNERS, LLC
d/b/a SIMPLICITY, INC. a/k/a SIMPLICITY FOR
CHILDREN and d/b/a SFCA, INC., WAL-MART
STORES EAST, LP, WAL-MART STORES, INC.,
GRACO CHILDREN'S PRODUCTS INC., NEWELL
RUBBERMAID, INC. d/b/a GRACO CHILDREN'S
PRODUCTS, INC., And JOHN DOE(S)
MANUFACTURER/DISTRIBUTOR/WHOLESALER,

        Defendants.

## AFFIDAVIT OF MURRY N. GUNTY ON BEHALF OF BLACKSTREET CAPITAL MANAGEMENT, LLC AND BLACKSTREET CAPITAL PARTNERS, LP

STATE OF MARYLAND
COUNTY OF MONTGOMERY, to-wit:

    I, Murry N. Gunty, being first duly sworn, depose and state as follows:

    1.    I am the Managing Member of Defendant Blackstreet Capital Management, LLC

("BCM").  I am also a Limited Partner of Defendant Blackstreet Capital Partners, LP ("BCP"

and, collectively with BCM, the "Blackstreet Entities").  I have personal knowledge of the facts

set forth in this Affidavit and, if called as a witness, could and would testify competently to such

                                      EXHIBIT 1

facts under oath.   I make this Affidavit in support of "Defendant Blackstreet Capital Management, LLC and Blackstreet Capital Partners, LP's Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss."

2.      BCM is a Delaware limited liability company and BCP is a Delaware limited partnership. Both of the Blackstreet Entities have their only office in Bethesda, Maryland.  BCM provides advisory and other related services to private investment funds based in Maryland and to certain other companies, none of which are located in West Virginia.  BCP is an investment fund which does not have any investments located in West Virginia.

3.      The Blackstreet Entities do not have offices in West Virginia, and have never had any offices in West Virginia.

4.      The Blackstreet Entities have never been authorized to do business in West Virginia, and have never had an agent for service of process within West Virginia.

5.      No members, employees, or shareholders of BCM are West Virginia residents. No partners of BCP are West Virginia residents.

6.      The Blackstreet Entities do not own, and have never owned, any real or personal property in West Virginia.

7.      The Blackstreet Entities do not pay, and have never been required to pay, taxes in West Virginia.

8.      The Blackstreet Entities do not manufacture, distribute, sell, offer to sell, or engage in either the retail or wholesale sale of, cribs, nor do they facilitate any such activity.

9.      Neither of the Blackstreet Entities are known, or have ever been known, as Blackstreet Capital Management, Inc. d/b/a Blackstreet Capital Partners, LLC d/b/a Simplicity,

Inc. a/k/a Simplicity for Children and SFCA, Inc. Neither of the Blackstreet Entities have ever done business as, or through, Simplicity, Inc.

10. Both of the Blackstreet Entities are legal entities separate and apart from SFCA, Inc. and maintain separate books, records, and transactions from SFCA, Inc. The directors and officers of SFCA, Inc. act independently of the Blackstreet Entities.

Further affiant sayeth not.

Dated: July _29_, 2010

_____
Murry Gunty

STATE OF _Maryland_

COUNTY OF _Montgomery_ TO-WIT:

I, _Heather Bolton_, a Notary Public in and for the county aforesaid, do certify that Murry Gunty, who signed the foregoing Affidavit, bearing the _29th_ day of July, 2010, has this day acknowledged the same before me in my said county.

Given under my hand and seal this _29th_ day of July, 2010.

```
HEATHER BOLTON
Notary Public-Maryland
Montgomery County
My Commission Expires
May 08, 2013
```

_____
NOTARY PUBLIC

3