IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEANNIE GEISER, as Administratrix
of the Estate of J.G., and Individually,

    Plaintiffs,

vs.                                                Civil Action No. 5:10-CV-21
                                                (Stamp)

SIMPLICITY, INC. a/k/a SIMPLICITY
FOR CHILDREN, SFCA d/b/a SIMPLICITY,
INC. a/k/a SIMPLICITY FOR CHILDREN,
BLACKSTREET CAPITAL MANAGEMENT,
INC. D/B/A BLACKSTREET CAPITAL
PARTNERS, LLC d/b/a SIMPLICITY, INC.
a/k/a SIMPLICITY FOR CHILDREN
and d/b/a SFCA, INC., WAL-MART
STORES EAST, LP., WAL-MART STORES,
INC., GRACO CHILDREN'S PRODUCTS,
INC. NEWELL RUBBERMAID, INC., d/b/a
GRACO CHILDREN'S PRODUCTS, INC.
AND JOHN DOE(S) MANUFACTURER /
DISTRIBUTOR / WHOLESALER

    Defendants.

vs.

JAMES RIVER INSURANCE COMPANY,

    Intervenor and Third-Party Plaintiff,

v.

JEANNIE GEISER, as Administratrix
of the Estate of J.G., and Individually,

    Plaintiffs and Third-Party Defendants,

and

SIMPLICITY, INC. a/k/a SIMPLICITY
FOR CHILDREN, SFCA d/b/a SIMPLICITY,
INC. a/k/a SIMPLICITY FOR CHILDREN,
BLACKSTREET CAPITAL MANAGEMENT,

INC. D/B/A BLACKSTREET CAPITAL
PARTNERS, LLC d/b/a SIMPLICITY, INC.
a/k/a SIMPLICITY FOR CHILDREN
and d/b/a SFCA, INC., WAL-MART
STORES EAST, LP., WAL-MART STORES,
INC., GRACO CHILDREN'S PRODUCTS,
INC. NEWELL RUBBERMAID, INC., d/b/a
GRACO CHILDREN'S PRODUCTS, INC.
AND JOHN DOE(S) MANUFACTURER /
DISTRIBUTOR / WHOLESALER

            Defendants and Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART THIRD-PARTY PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND DENYING THIRD-PARTY PLAINTIFF'S MOTION TO STAY

This matter comes before the Court on Third-Party Plaintiff, James River Insurance Company's (hereinafter "JRIC"), Motion for Protective Order and Motion to Stay filed October 26, 2010.[1] The Court held an evidentiary hearing and argument on JRIC's Motion on November 22, 2010. Third-Party Plaintiff, JRI, appeared by Susan R. Snowden, Esq., in person. Third-Party Defendants/Plaintiffs, Jeannie Geiser as Administrix and individually, appeared by Ronald W. Zavolta, Esq. and Theodore L. Tsoras, Esq., in person. Defendant, Simplicity, Inc., appeared by Teena Y. Miller, Esq., in person. Defendant, Blackstreet Capital Management, Inc., appeared by Sarah J. Surber, Esq. by phone. Defendant, Wal-Mart Stores, Inc., appeared by Heather M. Noel, Esq., by phone. No testimony was taken nor was any other evidence adduced.

## I. INTRODUCTION

A.    Background

This action was filed on January 15, 2010 in the Circuit Court of Ohio County, West

---

[1] Dkt. No. 111.

2

Virginia alleging a fatality due to the alleged deficiencies in the manufacturing of Defendants' product. Defendants Graco Children's Products Inc. and Newell Rubbermaid, Inc. d/b/a Graco Children's Products Inc. timely removed to federal court pursuant to 28 U.S.C. § 1446 on February 19, 2010 alleging diversity jurisdiction. Third-Party Plaintiff, James River Insurance Company, filed the instant Motion for Protective Order and Motion to Stay seeking relief from producing documents sought by Plaintiffs/Third-Party Defendants, Jeannie Geiser as Administratrix of the Estate of J.G., and Individually.

B. The Motion

1. Third-Party Plaintiff, James River Insurance Company's Motion for Protective Order and Motion to Stay.[2]

C. Decision

Third-Party Plaintiff's Motion for Protective Order is **GRANTED IN PART AND DENIED IN PART**.

Third-Party Plaintiff shall respond to the following discovery: Plaintiffs' First Set of Interrogatories Numbers 1-6, and 9-11; Plaintiffs' First Set of Request for Production of Documents Numbers 2-6, 12, and 17.

Third-Party Plaintiff's Motion to Stay is **DENIED** in its entirety.

## II. FACTS

1. On October 26, 2010, Third-Party Plaintiff filed a joint Motion for Protective Order and Motion to Stay.[3]

---

[2] Dkt. No. 111.

[3] Dkt. No. 111.

2. Third-Party Defendants filed their Response in Opposition to the Motion on November 9, 2010.[4]

3. This Court set an evidentiary hearing and argument on Plaintiff's Motion to Compel on November 10, 2010.[5]

4. On November 18, 2010, Third-Party Plaintiff filed a Reply to Third-Party Defendants' Response.[6]

5. On November 22, 2010, the evidentiary hearing and argument was held.

### III. THIRD-PARTY PLAINTIFF'S MOTION FOR PROTECTIVE ORDER & MOTION TO STAY

A.  Contentions of the Parties

In its Motion, JRIC requests that the Court "enter a protective order and stay the discovery with respect to Plaintiffs' interrogatories and requests for production of documents to [JRIC]...." See JRIC's Mot., Pg. 2 (Dkt. 111). JRIC emphasizes its Declaratory Judgment Motion currently pending before the Court which seeks a ruling on the recalled products exclusion language contained in the policy of insurance issued to Simplicity. JRIC essentially argues Geiser's propounded discovery should focus on the exclusionary language at issue but instead, Geiser seeks "a host of materials that are either attorney-client privileged, attorney work product or are unrelated to allegations asserted by the Intervenor/Third-Party Plaintiff in the declaratory judgment action." See JRIC's Mem. in Supp., Pg. 4 (Dkt. 112). JRIC contends because "there are no documents or information, which are not already produced, which would

---

[4] Dkt. Nos. 115 & 116.

[5] Dkt. No. 117.

[6] Dkt. No. 119.

be relevant to this Court's ruling on the pending dispositive motion" that its Motion for Protective Order should be granted and discovery stayed. Id. at 6.

Third-Party Defendant, Geiser, argues JRIC has "failed to demonstrate any hardship or inequity to support a stay of discovery and [JRIC] has failed to provide any particular and specific demonstration of facts to show 'good cause' within the meaning of Rule 26(c)...." See Geiser's Resp., Pg. 2 (Dkt 116). Geiser also contends the propounded discovery is relevant. Specifically, Geiser argues that JRIC's discovery responses may affect "some of the potential amendments to the pleadings...." Id. at 10. Geiser asserts that "even if this Honorable Court were to determine that coverage is excluded under the RECALLED PRODUCT EXCLUSION, it would not result in the termination of this action and [Geiser] would likely be forced to conduct discovery with respect to [JRIC] as a non-party." Id. Ultimately, Geiser argues "discovery against [JRIC] is inevitable, whether [sic] it remains in the case." Id. at 11.

In JRIC's Reply, it argues a stay of discovery is warranted because it is in the interest of judicial economy and would not result in any detriment to any party. JRIC essentially contends there is no fair possibility that a stay would damage Geiser, therefore, JRIC does not need to demonstrate "a clear case of hardship or inequity." See JRIC's Reply, Pg. 3 (Dkt. 119). JRIC reasserts and maintains that Geiser's propounded discovery is not relevant to the Court's determination of whether the Recalled Products Exclusion language is ambiguous. Moreover, JRIC argues Geiser's proffered explanation of possibly pleading amendments as to why discovery should be propounded against JRIC is too speculative and insufficient to deny a stay. JRIC argues it has a "minor role as the *insurer* of one of the [D]efendants," therefore, it is unlikely discovery from JRIC would be needed if insurance coverage is excluded. Id. at 14.

Finally, JRIC contends it has demonstrated "good cause" sufficient to warrant the entry of a protective order.

B. <u>Discussion</u>

  1. **Motion for Protective Order**

Under the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order, the scope of discovery is parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u> Such [l]iberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, or litigated disputes. <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 34 (1984). "The Rules do not differentiate between information that is private or intimate and that to which no privacy interests attach...thus, the Rules often allow extensive intrusion into the affairs of litigants...." <u>Id.</u> at 30.

Although information is not shielded from discovery on the sole basis that the information is confidential, a party may request the court to enter a protective order pursuant to Fed. R. Civ. P. 26(c) as a means to protect such confidential information. To obtain a protective order, the party resisting discovery must establish that the information sought is covered by Fed. R. Civ. P. 26(c) and that it will be harmed by disclosure."[7] <u>In re Wilson</u>, 149 F.3d 249, 252 (4th Cir. 1998). In determining whether good cause exists to issue a protective order prohibiting the

---

[7] Fed. R. Civ. P. 26(c) provides in relevant part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...."

dissemination of documents or other materials obtained in discovery, the movant must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981). See also Aetna Cas. & Sur. Co. v. George Hyman Const. Co, 155 F.R.D. 113, 115-16 (E.D.Pa. 1994) (initial inquiry is whether movant has shown disclosure will result in clearly defined and very serious injury).

Fed. R. Civ. P. 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense...." Information sought by means of the discovery process must be relevant to the issues in action or must be useful in uncovering the existence of information relevant to the issues in the case. In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1189 (10th Cir. 2009). While evidence need not be admissible at trial, "[d]iscovery of matter not reasonably calculated to lead to discovery of admissible evidence is not within the scope of Rule 26(b)(1)." Oppenheimer Fund v. Sanders, 437 U.S. 340, 352, 98 S. Ct. 2380 (1978). Generally, Fed. R. Civ. P. 26(b) enables parties to discover any unprivileged evidence or information relevant to their claim. Fed. R. Civ. P. 26(b)(1). District courts, however, have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce. Fed. R. Civ. P. 26(b)(2). The desire to allow broad discovery is not without limits and the court is given wide discretion in balancing the needs and rights of both plaintiff and defendant. Surles v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir. 2007). See also Trevino v. Celanese Corp., 701 F.2d 397, 406 (5th Cir. 1983) (finding scope of discovery limited only by relevance and burdensomeness). Specifically, the Federal Rules of Civil Procedure instruct district courts to limit discovery where its burden or expense outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties'

7

resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C)(iii).

Here, JRIC contends the requested discovery is not relevant to "what the [P]laintiffs have admitted are the only relevant issues." See JRIC's Reply, Pg. 5 (Dkt. 119). JRIC asserts that Geiser's discovery will not assist the Court in determining whether the recall product exclusion language is ambiguous and whether it applies to this case. Id. Geiser maintains the relevancy of the information she seeks. Geiser urges this Court to apply a broad and liberal treatment to determine relevancy. It is true, to be relevant, the information sought must be "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Hickman v. Taylor, 329 U.S. 495, 501 (1947). Geiser's discovery may assist in determining the interpretation of the language between the contracting parties and may uncover alternative claims that are unknown. Accordingly, this Court finds some of Geiser's requested discovery relevant to the issues in the case.

**2.     Motion to Stay**

The decision of whether to stay discovery is committed to the sound discretion of the district court. White v. Fraternal Order of Police, 909 F.2d 512, 516 (D.C. Cir. 1990). Motions to Stay are generally disfavored because discovery stays may interfere with judicial efficiency and cause unnecessary litigation in the future. Cotton v. Massachusetts Mut. Life Ins. Co., 402 F.3d 1267 (11th Cir. 2005).

The Court is mindful of the case authority providing for a stay of discovery in some circumstances when dispositive motions are pending. Discovery should only be stayed, however, "where there are no factual issues in need of further immediate exploration and the

8

issues before the court are purely questions of law." See Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987); Florsheim Shoe Co. V. United States, 744 F.2d 787, 797 (Fed. Cir. 1984). Discovery is considered inappropriate, however, while a motion that would be dispositive of the claims in the complaint is pending. See Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976). Therefore, when determining whether to stay discovery, courts must "determine the extent to which any of the discovery which is at issue...is needed to permit the parties to further support or oppose the pending motions...." Farouki v. Petra Int'l Banking, Corp., 683 F. Supp. 2d 23 (D.D.C. 2010). Without binding precedent from the Court of Appeals for the Fourth Circuit, this Court adopts the following framework; In deciding whether to grant a protective order staying discovery before other pending motions can be heard, the Court must apply a two-prong analysis: 1) the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed and 2) the Court must determine whether the pending dispositive motion can be decided absent additional discovery. Church of Scientology of San Francisco v. IRS, 991 F.2d 560, 563 (9th Cir. 1993).

Here, JRIC asserts a stay of discovery relating to itself is warranted because of the summary judgment and declaratory judgment motions currently pending before the Court. In both motions, JRIC is seeking the Court to rule upon the recalled products exclusion language contained in the insurance policy JRIC issued to Simplicity. In determining whether a stay should issue, the Court must consider what discovery the parties require to support or oppose the pending summary judgment and declaratory judgment motions. Plaintiff Geiser's Motion for Summary Judgment concisely states the issues it finds relevant, namely: 1) whether the recall product exclusion is ambiguous and 2) whether the recall product exclusion applies to the facts

9

of the pending litigation. See Geiser's Mot. for Sum. J., Pg. 10 (Dkt. 106).

In today's litigation world, there are two critical reasons why discovery is only stayed in rare instances. First, these motions are not the only dispositive motions pending before the District Court. Therefore, one cannot know when the dispositive motion will be decided. Because the District Court is so careful in its decision making on dispositive motions, such motions are often not decided until shortly before trial. Second, no matter how strongly JRIC's counsel believes in the merits of her position, there is no guaranteed outcome of any legal matter.[8]

C.  Decision

Third-Party Plaintiff's Motion for Protective Order is **GRANTED** **IN** **PART** **AND** **DENIED** **IN** **PART**.

Third-Party Plaintiff shall respond to the following discovery: Plaintiffs' First Set of Interrogatories Numbers 1-6, and 9-11; Plaintiffs' First Set of Request for Production of Documents Numbers 2-6, 12, and 17.

Third-Party Plaintiff's Motion to Stay is **DENIED** in its entirety.

---

[8] The Court is reminded of the long-time, legendary bailiff of the Circuit Court of Ohio County, West Virginia, Albert "Poucho" Downing. Poucho's first career was as a bookmaker until Attorney General Robert F. Kennedy convinced Congress in the early 1960's to make bookmaking a federal crime. Poucho observed many proceedings in the Circuit Court of Ohio County, West Virginia as bailiff for The Honorable George L. Spillers and The Honorable Martin J. Gaughan. Poucho used to say: "There ain't no Yales in the legal world." Of course, Poucho was not referring to the renowned eastern educational institution but, rather, the padlock that continued to work after absorbing a bullet from a high-powered rifle. Poucho knew from observation that there were no guaranteed outcomes on any legal matter. The Court was reminded of Poucho's sayings this past weekend when the hugely forecasted underdog, the Seattle Seahawks, beat last year's Superbowl winner, the New Orleans Saints. On Monday morning, Poucho would have said: "That's why the bookies sit at the front tables in the nightclubs."

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**  /s/ *James E. Seibert*
DATED: January 14, 2011  JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE