IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JEANNIE GEISER, as Administratrix
of the Estate of J.G., deceased
and JEANNIE GEISER, individually,

      Plaintiff,

v.                                            Civil Action No. 5:10CV21
                                                          (STAMP)

SIMPLICITY, INC. a/k/a
SIMPLICITY FOR CHILDREN,
SFCA, INC. d/b/a SIMPLICITY, INC.
a/k/a SIMPLICITY FOR CHILDREN,
BLACKSTREET CAPITAL MANAGEMENT INC.
d/b/a BLACKSTREET CAPITAL PARTNERS, LLC
d/b/a SIMPLICITY, INC.
a/k/a SIMPLICITY FOR CHILDREN
and d/b/a SFCA, INC.,
WAL-MART STORES EAST, LP,
WAL-MART STORES, INC.,
GRACO CHILDREN'S PRODUCTS INC.,
NEWELL RUBBERMAID, INC. d/b/a
GRACO CHILDREN'S PRODUCTS, INC.,
and JOHN DOE(S) MANUFACTURER/DISTRIBUTOR/
WHOLESALER,

      Defendants,

v.

JAMES RIVER INSURANCE COMPANY,

      Intervenor and Third-Party Plaintiff,

v.

JEANNIE GEISER, as Administratrix
of the Estate of J.G., deceased
and JEANNIE GEISER, individually,

      Plaintiffs and Third-Party Defendants,

and

SIMPLICITY, INC. a/k/a
SIMPLICITY FOR CHILDREN,

SFCA, INC. d/b/a SIMPLICITY, INC.
a/k/a SIMPLICITY FOR CHILDREN,
BLACKSTREET CAPITAL MANAGEMENT INC.
d/b/a BLACKSTREET CAPITAL PARTNERS, LLC
d/b/a SIMPLICITY, INC.
a/k/a SIMPLICITY FOR CHILDREN
and d/b/a SFCA, INC.,
WAL-MART STORES EAST, LP,
WAL-MART STORES, INC.,
GRACO CHILDREN'S PRODUCTS INC.,
NEWELL RUBBERMAID, INC. d/b/a
GRACO CHILDREN'S PRODUCTS, INC.,
and JOHN DOE(S) MANUFACTURER/DISTRIBUTOR/
WHOLESALER,

    Defendants and Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING THE PLAINTIFF'S MOTION FOR LIMITED DISCOVERY**
**AND GRANTING DEFENDANTS BLACKSTREET CAPITAL MANAGEMENT, LLC**
**AND BLACKSTREET CAPITAL PARTNERS, LP'S MOTION TO DISMISS**

I. Background

The plaintiff filed this civil action in the Circuit Court of Ohio County, West Virginia, bringing a product liability claim for an alleged wrongful death of an infant arising from the manufacture and sale of an allegedly defective crib by defendant Simplicity, Inc. The plaintiff claims that the hereafter mentioned Blackstreet defendants are an affiliate corporation of SFCA, Inc., which purchased substantially all the assets and debts of Simplicity, Inc. The plaintiff believes that SFCA, Inc. continued to sell allegedly defective cribs after recall. Defendants Blackstreet Capital Management, LLC and Blackstreet Capital Partners, LP ("the Blackstreet defendants") filed a motion to dismiss the above-styled

civil action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

The Blackstreet defendants attached the affidavit of Murry N. Gunty, the Managing Member of Blackstreet Capital Management, LLC and a Limited Partner of Blackstreet Capital Partners, LP to their motion to dismiss. In their motion to dismiss, the Blackstreet defendants state that the long-arm statute does not reach them as they have never entered into any contracts in West Virginia, or any other state, for the sale of baby cribs. They state they are completely separate from Simplicity. The plaintiff filed a response in opposition. The plaintiff argues that this Court has personal jurisdiction over the Blackstreet defendants based upon successor liability. The plaintiff believes that there are questions of fact that exist as to whether the Blackstreet defendants committed fraud or other misconduct on behalf of Simplicity by creating SFCA. Finally, the plaintiff argues that she should have adequate time to conduct discovery regarding the relationship between the defendants and other matters which are relevant to the imposition of successor liability, piercing the corporate veil, and jurisdiction. Third-party plaintiff James River Insurance Company ("James River") also filed a response in opposition, arguing that the Blackstreet defendants should not be dismissed so that this Court's ruling as to the coverage under the insurance policies for the claims and cross-claims against the

defendants will be binding on all parties. The Blackstreet defendants filed a reply. They argue that the plaintiff has failed to rebut the facts contained in their affidavit; has failed to demonstrate that the Blackstreet defendants are successors to Simplicity; and has failed to establish a prima facie case of personal jurisdiction sufficient to justify discovery on that issue. For the reasons set forth below, the defendants' motion to dismiss is granted.

II. Applicable Law

When a court's power to exercise personal jurisdiction over a non-resident defendant is challenged by a motion under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of proving the existence of the grounds for jurisdiction by a preponderance of the evidence. Owens-Illinois, Inc. v. Rapid Am. Corp., (In re The Celotex Corp.), 124 F.3d 619, 628 (4th Cir. 1997) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)).

Under a "long-arm" statute, such as West Virginia Code § 56-3-33,[1] a state may enable its courts to exercise personal

---

[1]Section 56-3-33 states, in pertinent part:

(a) The engaging by a nonresident, or by his duly authorized agent, in any one or more of the acts specified in subdivisions (1) through (7) of this subsection shall be deemed equivalent to an appointment by such nonresident of the secretary of state, or his or her successor in office, to be his or her true and lawful attorney upon whom may be served all lawful process in

4

jurisdiction over non-residents that commit certain acts within the state, or certain acts outside of the state, that have caused injury within the state. See Lozinski v. Lozinski, 408 S.E.2d 310, 315 (W. Va. 1991) ("The intent and benefit of any long-arm statute is to permit the secretary of state to accept process on behalf of a nonresident and to view such substituted acceptance as conferring personal jurisdiction over the nonresident."). Because the West Virginia long-arm statute is coextensive with the full reach of due

---

<blockquote>
any action or proceeding against him or her, in any circuit court in this state . . . for a cause of action arising from or growing out of such act or acts, and the engaging in such act or acts shall be a signification of such nonresident's agreement that any such process against him or her, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state:

(1) Transacting any business in this state;
(2) Contracting to supply services or things in this state;
. . .
(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(b) When jurisdiction over a nonresident is based solely upon the provisions of this section, <u>only a cause of action arising from or growing out of one or more of the acts specified in subdivisions (1) through (7), subsection (a) of this section may be asserted against him or her</u>.
</blockquote>

W. Va. Code § 56-3-33 (emphasis added).

process, it is unnecessary in this case to go through the normal two-step formula for determining the existence of personal jurisdiction. In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir. 1997). Instead, the "statutory inquiry merges with the Constitutional injury," and this Court must determine whether exercising personal jurisdiction is consistent with the due process clause. Id. at 628; see World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980).

Due process requires that a defendant receive adequate notice of the suit and be subject to the personal jurisdiction of the court. Id. (citations omitted). The exercise of personal jurisdiction over a non-resident defendant is proper only so long as "minimum contacts" exist between the defendant and the forum state, "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

If the defendant's contacts with the forum state provide the basis for the suit, those conducts may establish "specific jurisdiction." Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 397 (4th Cir. 2003). To determine whether specific jurisdiction exists, this Court considers: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether

the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. (quoting ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711-12 (4th Cir. 2002)).

If the defendant's contacts with the state are not the basis for the suit, however, then jurisdiction "must arise from the defendant's general, more persistent, but unrelated contacts with the state." Id. A plaintiff establishes general jurisdiction by showing that the defendant's activities in the state have been "continuous and systematic." Id. (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 & n.9 (1984)).

### III. Discussion

Defendant Blackstreet Capital Management, LLC is a Delaware limited liability company which provides advisory and other services to private investment funds based in Maryland and to other companies, none of which are located in West Virginia. Murry N. Gunty Aff. ¶ 2. Blackstreet Capital Partners, LP is a Delaware limited partnership and an investment fund with no investments located in West Virginia. Id. The Blackstreet defendants' offices are located in Bethesda, Maryland. Id. The Blackstreet defendants do not have offices in West Virginia, are not authorized to do business in West Virginia, and have no agent for service of process in West Virginia. Id. at ¶ 3, 4. The Blackstreet defendants do

7

not have any members, employees, shareholders, or partners who are West Virginia residents. Id. ¶ 5. The Blackstreet defendants do not own any real or personal property in West Virginia, nor do they pay taxes in West Virginia. Id. at ¶ 6, 7. The Blackstreet defendants do not manufacture, distribute, sell, offer to sell, or engage in either the retail or wholesale sale of cribs, nor do they facilitate any such activity. Id. at ¶ 8. Neither Blackstreet defendant is known, or has ever been known, as Blackstreet Capital Management, Inc. d/b/a Blackstreet Capital Partners, LLC d/b/a Simplicity, Inc. a/k/a Simplicity for Children and SFCA, Inc. Id. at ¶ 9. Neither Blackstreet defendant has done business as or through Simplicity, Inc. Id. Both Blackstreet defendants are legal entities separate and apart from SFCA, Inc. and maintain separate books, records, and transactions from SFCA, Inc. Id. at ¶ 10. The directors and officers of SFCA, Inc. act independently of the Blackstreet defendants. Id.

The plaintiff contends that this Court may exercise personal jurisdiction over the Blackstreet defendants through successor liability. The plaintiff states that SFCA, Inc. is an affiliate of the Blackstreet defendants and that SFCA, Inc. purchased the assets of Simplicity, Inc. The plaintiff further believes that SFCA, Inc. and Simplicity, Inc. are the same. The plaintiff also states that SFCA, Inc.'s president is also Blackstreet Capital Management, LLC's principal. She also states that the chief executive of SFCA,

Inc. is the president of Simplicity, Inc. The plaintiff then concludes that "based upon the totality of the circumstances," it is "reasonable" to find that SFCA, Inc. is a continuation and or reincarnation of Simplicity, Inc. and that the Blackstreet defendants "substantially encouraged, assisted, and facilitated the same and/or were involved in joint enterprise and/or are joint venturers." The plaintiff states that questions of fact exists as to whether the Blackstreet defendants committed fraud or other misconduct on behalf of Simplicity, Inc. by creating SFCA, Inc. to insulate Simplicity, Inc. from liability.

Before this Court considers whether personal jurisdiction exists for the Blackstreet defendants, it must first address the plaintiff's contention that personal jurisdiction should be assessed by looking to SFCA, Inc. through piercing of the corporate veil. Murry N. Gunty, the managing member of Blackstreet Capital Management, LLC and a limited partner of Blackstreet Capital Partners, LP, attested that both of the Blackstreet defendants are "separate and apart from SFCA, Inc.," and that the Blackstreet defendants maintain separate books, records, and transactions from SFCA, Inc. and the directors and officers act independently of the Blackstreet defendants.

West Virginia "law presumes that two separately incorporated businesses are separate entities." S. Elec. Supply Co. v. Raleigh County Nat'l Bank, 320 S.E.2d 515, 523 (W. Va. 1984). To overcome

9

the presumption in this case, the plaintiff argues that there is common ownership and management. Piercing the corporate veil through the alter ego doctrine was created "to prevent injustice when the corporate form is interposed to perpetrate an intentional wrong, fraud or illegality." S. Elec. Supply Co., 320 S.E.2d at 521-22. West Virginia courts apply this "complicated" doctrine "gingerly." Id. The burden of proof is on the party soliciting the court to disregard the corporate structure -- "[i]t is not easily proved." Id. at 522.

This Court may pierce the corporate shield "to make a corporation liable for behavior of another corporation within its total control." Id. This examination must be made on a case-by-case basis with particular attention to factual details. Id. at 523. West Virginia courts have identified several factual details to look to in making this determination:

> total control and dominance of one corporation by another or a shareholder; existence of a dummy corporation with no business activity or purpose; violation of law or public policy; a unity of interest and ownership that causes one party or entity to be indistinguishable from another; common shareholders, common officers and employees and common facilities.

Id. This Court must analyze this evidence "in conjunction with evidence that a corporation attempted to use its corporate structure to perpetrate a fraud or do grave injustice on an innocent third party seeking to 'pierce the veil.'" Id.

Despite viewing the facts alleged in the complaint as true and resolving all factual disputes in favor of the plaintiff, the plaintiff does not submit sufficient evidence to overcome the presumption in this case that two separately incorporated businesses are separate entities as to the Blackstreet defendants. The plaintiff points to the common officers of the Blackstreet defendants and SFCA, Inc. Common ownership and common management, without evidence of fraudulent conduct, <u>total</u> control, or a "dummy" corporation, do not justify piercing the corporate veil. <u>Id.</u>

Based on the evidence presented to this Court, this Court finds that the plaintiff has not alleged an adequate basis to pierce the corporate veil between the Blackstreet defendants and SFCA, Inc. The plaintiff's assertions that the Blackstreet defendants are the alter ego of SFCA, Inc. "prove speculative in light of the evidence presented" by the Blackstreet defendants. <u>Harris v. Option One Mortg. Corp.</u>, 261 F.R.D. 98, 111 (D.S.C. 2009). When as here, "a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." <u>Carefirst</u>, 334 F.3d at 402. As mentioned above, the plaintiff bears the burden of proving the existence of the grounds for jurisdiction. The plaintiff has not offered any evidence to counter the affidavit provided by the defendants. Nor has the plaintiff provided this Court with any evidence that the

Blackstreet defendants are the alter ego of SFCA, Inc. Because the plaintiff simply has made bare allegations in the face of the defendants specific denials, this Court must deny the plaintiff's motion for personal jurisdiction discovery[2] and finds that the Blackstreet defendants are not the alter ego of SFCA, Inc.

To determine whether specific jurisdiction exists, this Court considers: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. at 397 (quoting ALS Scan, 293 F.3d at 711-12). While the purposeful availment requirement is not susceptible of mechanical application, "courts have considered various nonexclusive factors in seeking to resolve whether a defendant has engaged in such purposeful availment." Consulting Engineers Corp. v. Geometric, Ltd., 561 F.3d 273, 278 (4th Cir. 2009). Some of these factors include: (1) whether the defendant maintains offices or agents in the forum state; (2) whether the defendant owns property in the

---

[2]This Court also notes that discovery in this civil action has been ongoing for several months. Documents have been exchanged by the parties and requested by Magistrate Judge James E. Seibert. None of these documents showed that this Court could exercise jurisdiction over the Blackstreet defendants. This Court put no limitations on discovery and the plaintiff failed to provide this Court with any information relevant to exercising personal jurisdiction over the Blackstreet defendants.

forum state; (3) whether the defendant reached into the forum state to solicit or initiate business; and (4) whether the defendant deliberately engaged in significant or long-term business activities in the forum state. Id.

Here, the Blackstreet defendants do not maintain offices or agents in West Virginia. These defendants own no property in West Virginia. They do not reach into West Virginia to conduct or solicit business and they have not deliberately engaged in significant or long-term business activities in West Virginia. Because the plaintiff has not satisfied this first prong of the test for specific jurisdiction, this Court does not consider the second and third prongs. Id. Accordingly, this Court finds that it cannot exercise specific jurisdiction over the Blackstreet defendants.

In order for this Court to have general jurisdiction over the defendants, the plaintiff must show that the defendants' contacts with West Virginia are "continuous and systematic." Helicopteros, 466 U.S. at 416. The "threshold level of minimum contacts sufficient to confer general jurisdiction is significantly higher than for specific jurisdiction." ESAB Group, 126 F.3d at 623.

In the present case, the defendants are not citizens of West Virginia and do not regularly conduct or solicit business or engage in any other persistent course of conduct in this state. In addition, defendants are not licensed or registered to transact any

business in West Virginia. Nothing has supported a showing of "continuous or systematic" business in West Virginia. Accordingly, this Court cannot exercise general jurisdiction over the Blackstreet defendants.[3]

IV. Conclusion

For the reasons stated above, the plaintiff's motion for limited discovery is DENIED and defendants Blackstreet Capital Management, LLC and Blackstreet Capital Partners, LP's motion to dismiss is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: March 8, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[3] James River filed a brief in response to the Blackstreet defendants' motion to dismiss. James River intervened in this civil action to obtain a declaratory judgment as to the issue of insurance coverage. James River believes that the Blackstreet defendants should not be dismissed so that this Court's ruling as to insurance coverage under the James River insurance policies will be binding on all parties, including the Blackstreet defendants. This Court has concluded that it cannot exercise personal jurisdiction over the Blackstreet defendants. Because this Court does not have personal jurisdiction over the Blackstreet defendants, the dismissal of the Blackstreet defendants will have no impact on the effect of this Court's ruling in this civil action on James River's motion for summary judgment as to defendants other than the Blackstreet defendants.