**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

JEANNIE GEISER, as Administratrix
of the Estate of J.G., and Individually,

      Plaintiffs,

      vs.

SIMPLICITY, INC. a/k/a SIMPLICITY
FOR CHILDREN, SFCA d/b/a SIMPLICITY,
INC. a/k/a SIMPLICITY FOR CHILDREN,
BLACKSTREET CAPITAL MANAGEMENT,
INC. D/B/A BLACKSTREET CAPITAL
PARTNERS, LLC d/b/a SIMPLICITY, INC.
a/k/a SIMPLICITY FOR CHILDREN
and d/b/a SFCA, INC., WAL-MART
STORES EAST, LP., WAL-MART STORES,
INC., GRACO CHILDREN'S PRODUCTS,
INC. NEWELL RUBBERMAID, INC., d/b/a
GRACO CHILDREN'S PRODUCTS, INC.
AND JOHN DOE(S) MANUFACTURER/
DISTRIBUTOR / WHOLESALER

      Defendants.

      vs.

JAMES RIVER INSURANCE COMPANY,

      Intervenor and Third-Party Plaintiff,

      v.

JEANNIE GEISER, as Administratrix
of the Estate of J.G., and Individually,

      Plaintiffs and Third-Party Defendants,

      and

SIMPLICITY, INC. a/k/a SIMPLICITY
FOR CHILDREN, SFCA d/b/a SIMPLICITY,
INC. a/k/a SIMPLICITY FOR CHILDREN,
BLACKSTREET CAPITAL MANAGEMENT,

Civil Action No. 5:10-CV-21
(Stamp)

INC. D/B/A BLACKSTREET CAPITAL
PARTNERS, LLC d/b/a SIMPLICITY, INC.
a/k/a SIMPLICITY FOR CHILDREN
and d/b/a SFCA, INC., WAL-MART
STORES EAST, LP., WAL-MART STORES,
INC., GRACO CHILDREN'S PRODUCTS,
INC. NEWELL RUBBERMAID, INC., d/b/a
GRACO CHILDREN'S PRODUCTS, INC.
AND JOHN DOE(S) MANUFACTURER /
DISTRIBUTOR / WHOLESALER

        Defendants and Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' SECOND MOTION TO COMPEL

This matter comes before the Court on Plaintiffs', Jeannie Geiser as Administrator and

Individually, Second Motion to Compel Answers to Interrogatories and Production of All

Documents filed March 10, 2011.[1]  The Court held an evidentiary hearing and argument on

Plaintiffs' Motion on March 30, 2011.  Plaintiffs appeared by Theodore L. Tsoras, Esq., in

person.  Defendant, Simplicity, Inc., appeared by Teena Y. Miller, Esq., in person.  Third-Party

Plaintiff, James River Insurance Company, appeared by Susan R. Snowden, Esq., by phone.

Defendant, Wal-Mart Stores, Inc., appeared by Heather M. Noel, Esq., by phone.  No testimony

was taken nor was any other evidence adduced.

## I. INTRODUCTION

A.    Background

This action was filed on January 15, 2010 in the Circuit Court of Ohio County, West

Virginia alleging a fatality due to the alleged deficiencies in the manufacturing of Defendants'

product.  Defendants Graco Children's Products Inc. and Newell Rubbermaid, Inc. d/b/a Graco

_____

[1] Dkt. No. 149.

Children's Products Inc. timely removed to federal court pursuant to 28 U.S.C. § 1446 on February 19, 2010 alleging diversity jurisdiction. Plaintiffs filed the instant Motion to Compel requesting this Court to compel Defendant, Simplicity, to produce all documents withheld and to produce unredacted copies of all documents previously produced in redacted form due to objections.

B.    The Motion

    1.    Plaintiffs' Second Motion to Compel Answers to Interrogatories and Production of All Documents to Plaintiffs' Interrogatories and Request for Production of Documents.

C.    Decision

Plaintiffs' Second Motion to Compel is **DENIED** because Plaintiffs make no substantive arguments regarding any deficiencies in Defendant's responses.

## II.  FACTS

    1.    On September 16, 2010, Plaintiffs filed their First Motion to Compel Answers to Interrogatories and Request for Production of Documents from Defendant Simplicity, Inc.[2]

    2.    Defendant filed its Memorandum in Opposition to Plaintiffs' Motion on September 22, 2010.[3]

    3.    An evidentiary hearing and argument was scheduled for October 8, 2010 but was

---

[2] Dkt. No. 82.

[3] Dkt. No. 87.

continued on Plaintiffs' Motion until November 22, 2010.[4]

4.      The evidentiary hearing and argument was again rescheduled to January 10, 2011.[5]

5.      Plaintiffs filed a Second Motion to Continue the evidentiary hearing on Plaintiffs' Motion to Compel, however, the Motion to Continue was denied.[6]

6.      On January 11, 2011, the evidentiary hearing and argument was held.

7.      Plaintiffs' Motion to Compel was denied as moot on January 11, 2011, however, Plaintiffs were permitted until March 10, 2011 to file an additional motion to compel as to any alleged deficiencies in Defendant's responses.[7]

8.      On March 10, 2011, Plaintiffs filed their Second Motion to Compel Answers to Interrogatories and Production of all Documents from Defendant, Simplicity, Inc.[8]

9.      On March 23, 2011, Defendant filed its Response to Plaintiffs' Second Motion to Compel.[9]

10.     The evidentiary hearing and argument on Plaintiffs' Second Motion to Compel was held on March 30, 2011.[10]

---

[4] Dkt Nos. 86, 99 & 100, respectively.

[5] Dkt. No. 125.

[6] Dkt. Nos. 128 & 129, respectively.

[7] Dkt. No. 131.

[8] Dkt. No. 149.

[9] Dkt. No. 151.

[10] Dkt. No. 153.

### III.  PLAINTIFFS' SECOND MOTION TO COMPEL

A.      Contentions of the Parties

Plaintiffs move this Court to compel Defendant to respond, fully and completely, to

Plaintiffs' discovery requests.  In support of their Motion to Compel, Plaintiffs contend

Defendant's responses and objections were untimely and, therefore, should be waived.

Defendant offers three arguments in opposition to Plaintiffs' Motion to Compel.

Defendant argues Plaintiffs' Second Motion to Compel "is untimely filed and deemed waived

under LR Civ. P. 37.02(b)."  See Def.'s Resp., Pg. 5 (Dkt. 151).  Defendant additionally contends

Plaintiffs have not shown any excusable neglect or delay due to Defendant's actions which

would excuse Plaintiffs' failure to file timely within the allotted 30 day time period.  Lastly,

Defendant argues "if any 'good cause' exists in this matter, it weighs in favor of Simplicity...."

Id. at 9.

 B.     Discussion

        1.      **Timeliness of Plaintiffs' Motion to Compel**

Pursuant to Fed. R. Civ. P. 37(a), a party may move for an order to compel discovery or

disclosure from an opposing party where the opposing party fails to respond or where the party's

response is evasive or incomplete.  Specifically, parties may move for an order compelling an

answer to a deposition question, a designation under Rule 30(b)(6) or Rule 31(a)(4), a response

to an interrogatory, and a response to a request for production.  Fed. R. Civ. P. 37(a)(3)(B)(i)-

(iv).  To properly file a motion to compel in this Court, a party must submit with the motion a

statement setting forth "verbatim each discovery request or disclosure requirement and any

response thereto to which an exception is taken."  LR Civ P 37.02(a)(1).  A motion to compel is

"deemed waived if not filed within thirty (30) days after the discovery response...was due, which date is determined in accordance with a rule or by mutual agreement among the parties, unless such failure to file the motion was caused by excusable neglect or by some action of the non-moving party." LR Civ P 37.02(b).  The scope and conduct of discovery, however, are within the sound discretion of the trial court. <u>Borden Co. V. Sylk</u>, 410 F.2d 843, 845 (3d Cir. 1969).  This discretion, therefore, allows the Court to avoid what may constitute overly "technical" applications of the Rule. <u>Mordesovitch v. Westfield Ins. Co.</u>, 235 F. Supp. 2d 512, 518 (S.D.W. Va. 2002).

Plaintiffs argue Defendant waived any objections it had to Plaintiffs' requested discovery by untimely answering Plaintiffs' discovery requests.  In opposition, Defendant argues Plaintiffs' Motion to Compel is, itself, untimely thus constituting a waiver of any objections Plaintiffs may have had.  The Court finds Defendant's argument unpersuasive.  The Court entered an Order on January 11, 2011 which permitted Plaintiffs until March 10, 2011 to file "a further motion to compel as to any alleged deficiencies in Defendant's responses." <u>See</u> Order, Pg. 2 (Dkt. 131).  Defendant acknowledged the breadth of discovery produced and the efforts undertaken to comply with the discovery requests.  For example, Defendant "provided Plaintiff and each party a compact disk (CD) containing approximately **11,000** pages of scanned documents." <u>See</u> Def.'s Resp., Pg. 4 (Dkt. 151) (emphasis in original).  Defendant "later supplemented with an **almost additional 3,000 documents**...." <u>Id.</u> at 5. (emphasis in original).  The January 11, 2011 Order was entered allowing Plaintiffs additional time precisely "[b]ecause of the volume of discovery in this case." <u>See</u> Order, Pg. 2 (Dkt. 131).  Accordingly, Defendant's argument, in this regard, is without merit and Plaintiffs' Second Motion to Compel was timely filed.

**2.      Existence of Good Cause to Excuse Defendant's Delay in Responding**

Plaintiffs do not address whether good cause exists to excuse Defendant's delay in responding to Plaintiffs' discovery requests but merely rest upon the argument that Defendant's responses "were not filed until six days after the [P]laintiff was forced to file a motion to compel and thirty-six days after the agreed upon deadline." See Pls.' Mot. to Compel, Pg. 4 (Dkt. 149).

Defendant essentially argues that good cause exists to excuse any delay in responding because Simplicity, Inc. is a company no longer in existence and because of the "great lengths" counsel for Simplicity undertook to respond to Plaintiffs' discovery requests. The Court is inclined to agree with Defendant and finds sufficient good cause exists to excuse Defendant's thirty-six day delay in responding to Plaintiffs' discovery requests. Simplicity, Inc. is an entity that is no longer in existence and has not been so since 2008 when it sold all assets and debts. Accordingly, locating witnesses and relevant documents from a defunct entity may prove difficult and time consuming. Furthermore, Defendant's counsel has shown a good faith effort to resolve the discovery dispute as evidenced by its consistent communication with Plaintiffs regarding the circumstances surrounding the whereabouts of the requested discovery.

Additionally, Defendant's counsel received documents relevant to Plaintiffs' requests a mere four days prior to the agreed upon discovery deadline, August 12, 2010. The Court is aware of the efforts Defendant's counsel and staff undertook to provide meaningful answers and responses and finds those efforts to be in the spirit of cooperation and good faith. Defendant produced 64 pages of written answers, 11,000 pages of scanned documents, a detailed privilege log and a supplementation of an additional 3,000 documents and completed this task in approximately one month's time. Given the extent of discovery in this litigation, Defendant's

7

actions epitomize the efforts needed to illustrate good cause.

Lastly, it is important to note, Plaintiffs make no substantive arguments regarding any deficiencies in Defendant's responses but merely rely on a procedural argument. The January 11, 2011 Order afforded additional time to allow Plaintiffs ample time to review Defendant's responses and bring to the Court's attention any substantive deficiencies which required resolution. Plaintiffs' procedural argument highlighting Defendant's untimeliness is deficient because the Court finds good cause exists to excuse Defendant's delay. Accordingly, Plaintiffs' argument is unpersuasive.

C.      Decision

Plaintiffs' Second Motion to Compel is **<u>DENIED</u>**.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is  made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**
DATED: May 4, 2011                      /s/ *James E. Seibert*
                                        JAMES E. SEIBERT
                                        UNITED STATES MAGISTRATE JUDGE