IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JEANNIE GEISER, as Administratrix
of the Estate of J.G., deceased
and JEANNIE GEISER, individually,

        Plaintiff,

v.                                      Civil Action No. 5:10CV21
                                                     (STAMP)
SIMPLICITY, INC. a/k/a
SIMPLICITY FOR CHILDREN,
SFCA, INC. d/b/a SIMPLICITY, INC.
a/k/a SIMPLICITY FOR CHILDREN,
BLACKSTREET CAPITAL MANAGEMENT INC.
d/b/a BLACKSTREET CAPITAL PARTNERS, LLC
d/b/a SIMPLICITY, INC.
a/k/a SIMPLICITY FOR CHILDREN
and d/b/a SFCA, INC.,
WAL-MART STORES EAST, LP,
WAL-MART STORES, INC.,
GRACO CHILDREN'S PRODUCTS INC.,
NEWELL RUBBERMAID, INC. d/b/a
GRACO CHILDREN'S PRODUCTS, INC.,
and JOHN DOE(S) MANUFACTURER/DISTRIBUTOR/
WHOLESALER,

        Defendants,

v.

JAMES RIVER INSURANCE COMPANY,

        Intervenor and Third-Party Plaintiff,

v.

JEANNIE GEISER, as Administratrix
of the Estate of J.G., deceased
and JEANNIE GEISER, individually,

        Plaintiffs and Third-Party Defendants,

and

SIMPLICITY, INC. a/k/a
SIMPLICITY FOR CHILDREN,

SFCA, INC. d/b/a SIMPLICITY, INC.
a/k/a SIMPLICITY FOR CHILDREN,
BLACKSTREET CAPITAL MANAGEMENT INC.
d/b/a BLACKSTREET CAPITAL PARTNERS, LLC
d/b/a SIMPLICITY, INC.
a/k/a SIMPLICITY FOR CHILDREN
and d/b/a SFCA, INC.,
WAL-MART STORES EAST, LP,
WAL-MART STORES, INC.,
GRACO CHILDREN'S PRODUCTS INC.,
NEWELL RUBBERMAID, INC. d/b/a
GRACO CHILDREN'S PRODUCTS, INC.,
and JOHN DOE(S) MANUFACTURER/DISTRIBUTOR/
WHOLESALER,

        Defendants and Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING THIRD-PARTY PLAINTIFF JAMES RIVER
INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT;
DENYING THE PLAINTIFF/THIRD-PARTY DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT;
DENYING DEFENDANT/THIRD-PARTY DEFENDANT
SIMPLICITY, INC. a/k/a SIMPLICITY FOR CHILDREN'S
MOTION FOR SUMMARY JUDGMENT;
DENYING THIRD-PARTY DEFENDANT AND PLAINTIFF'S
MOTION TO AMEND ANSWER AND AFFIRMATIVE DEFENSES
TO JAMES RIVER INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF;
DENYING AS MOOT THIRD-PARTY DEFENDANT/PLAINTIFF'S
MOTION TO STRIKE THIRD-PARTY PLAINTIFF
JAMES RIVER INSURANCE COMPANY'S REPLY IN FURTHER SUPPORT
OF MOTION FOR PROTECTIVE ORDER AND MOTION TO STAY;
DENYING AS MOOT THIRD-PARTY PLAINTIFF
JAMES RIVER INSURANCE COMPANY'S MOTION
FOR LEAVE TO EXTEND TIME FOR FILING;
AND GRANTING THE RELIEF SOUGHT IN
JAMES RIVER INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF**

I.   Procedural History

The plaintiff filed this civil action in the Circuit Court of Ohio County, West Virginia, bringing a product liability claim for

2

an alleged wrongful death of an infant arising from the manufacture and sale of an allegedly defective crib by defendant Simplicity, Inc. This Court granted James River Insurance Company's ("James River") motion to intervene to assert a declaratory judgment complaint for the purposes of resolving certain questions and disputes which have arisen regarding its obligation to indemnify and defend with regard to damages claimed by the plaintiff. James River contends that it is not obligated to indemnify defendant Simplicity, Inc. a/k/a Simplicity for Children, SFCA, Inc. d/b/a Simplicity Inc. a/k/a Simplicity for Children ("Simplicity") pursuant to two policies of insurance issued to Simplicity. Thereafter, James River filed a motion for summary judgment and the plaintiff and Simplicity both filed cross motions for summary judgment. Defendants Wal-Mart Stores East, LP and Wal-Mart Stores, Inc. ("the Wal-Mart defendants") filed a response in opposition to James River's motion for summary judgment. Later, the plaintiff filed a motion for leave to amend her answer and affirmative defenses to the declaratory judgment complaint. For the reasons discussed below, this Court grants James River's motion for summary judgment and denies the plaintiff's and Simplicity's motions for summary judgment. Additionally, this Court denies the plaintiff's

motion for leave to file an amended answer and affirmative defenses to the declaratory judgment complaint.[1]

II. <u>Facts</u>

In January 2006, the plaintiff and her husband purchased a crib manufactured by Simplicity at a Wal-Mart store in St. Clairsville, Ohio. In September 2007, Simplicity issued a recall on certain component parts of the drop-side rail of the plaintiff's crib because the drop-side could detach from the crib and create a gap and lead to entrapment. The plaintiff then requested and received the drop-side replacement track kit, Retrofit Kit, and accompanying directions from Simplicity.

On January 15, 2008, the plaintiff's minor son died in his crib when his head and neck were wedged between the headboard and the first rail of the stationary side of the crib. The plaintiff's wrongful death suit alleges that the crib was negligently designed, built, and/or manufactured.

The James River insurance policies contain a "Recalled Products Exclusion." James River's motion for summary judgment contends that there is no coverage because of these exclusions and

---

[1]The plaintiff filed a motion to strike James River's reply to James River's motion for protective order and motion to stay because James River did not comply with the deadlines contained in Local Rule of Civil Procedure 7.02(b)(2). James River then filed a motion for leave to extend time for filing. United States Magistrate Judge James E. Seibert granted in part and denied in part the motion for protective order and denied the motion to stay. Accordingly, the plaintiff's motion to strike and James River's motion for leave are denied as moot.

it therefore has no duty to defend either the named insured or any person or entity which may be an additional insured.

### III. Applicable Law

Under Rule 56(c) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether

there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

IV. Discussion

A. Choice of Law

A federal court sitting in diversity applies the choice-of-law rules of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Accordingly, this Court will apply West Virginia's choice-of-law rules. In West Virginia, "questions of policy coverage as opposed to liability are governed by conflicts of law principles applicable to contracts." Howe v. Howe, 625 S.E.2d 716, 721 (W. Va. 2005). "The law of the state in which a contract is made and to be performed governs the construction of a contract when it is involved in litigation in the courts of this State." Syl. Pt. 1 Michigan Nat. Bank v. Mattingly, 212 S.E.2d 754 (W. Va. 1975). However, in an insurance contract, where the insurance policy is made in one state and is performed in another, "the law of the state of the formation of the contract shall govern, unless another state has a more significant relationship to the transaction and the parties, or the law of the other state is contrary to the public policy of this state." Syl. Liberty Mut. Ins. Co. v. Triangle Indus. Inc., 390 S.E.2d 562 (W. Va. 1990). Because the insurance contract in this case was formed in Pennsylvania, this Court will apply the substantive law of Pennsylvania.[2]

---

[2]This Court notes that it would reach the same result applying either West Virginia or Virginia law.

B.  <u>Summary Judgment</u>

In its motion for summary judgment, James River argues that the language in the insurance policy sold to Simplicity is plain and unambiguous and that the policy clearly excludes coverage for liability in the matters contained in the relevant claims brought against the defendants by the plaintiff in the wrongful death action.

In Pennsylvania, "the duty to defend and pay the costs of defense is broader than the duty to indemnify." <u>J.H. France Refractories v. Allstate Ins. Co.</u>, 626 A.2d 502, 510 (Pa. 1993). The duty of an insurer to defend is triggered "by the factual averments contained in the complaint itself." <u>Kvaerner Metals Div. of Kvaerner U.S., Inc., v. Comm. Union Ins. Co.</u>, 908 A.2d 888, 896 (Pa. 2006). This Court looks "to the language of the policies themselves to determine in which instances they will provide coverage, and then examine [Geiser's] complaint to determine whether the allegations set forth therein constitute the type of instances that will trigger coverage." <u>Id.</u> at 896-97.

James River has shown there are no genuine issues of material fact. The burden then shifts to the third-party defendants to show that there are triable issues of fact. The third-party defendants have failed to meet this burden. With no issues of fact in dispute, coverage issues in an insurance contract are questions of

law. Kvaerner Metals, 908 A.2d at 897. This Court now turns to the provisions of the policy.

James River points to the following endorsement to the Commercial General Liability Coverage policy sold to Simplicity to release James River from a duty to defend or indemnify:

RECALLED PRODUCTS EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE

This insurance does not apply to any "bodily injury", "property damage" or personal and advertising injury" arising out of:

Any product manufactured, sold, handled, or distributed by any inured listed below:

    Any and all products recalled prior to 12/15/2007

This exclusion applies regardless of whether the "bodily injury", "property damage" or "personal and advertising injury" occurred before or after the recall.

The James River General Commercial Liability Policy defines "product" as:

(1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
    (a) You;
    (b) Others trading under your name; or
    (c) A person or organization whose business
    or assets you have acquired.
(2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

This Court finds that the crib manufactured by Simplicity is a "product" under the insurance policy in this case as "parts" of

9

the crib were subject to Simplicity's "voluntary recall." The plaintiff, Simplicity, and the Wal-Mart defendants contend that the word "recalled" in the exclusion is an ambiguous term.

"When the language of the policy is clear and unambiguous, [this Court] must give effect to that language." Id. As the Supreme Court of Pennsylvania has stated, "Words of common usage in an insurance policy are construed according to their natural, plain, and ordinary sense." Id. Furthermore, policy language "must not be tortured to create ambiguities where none exist." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005). The Recalled Products Exclusion language in the James River policy is plain, simple, and easy to understand. Simplicity and the Wal-Mart defendants argue that consumers were not told return the cribs that were the subject of the "voluntary recall" or to discontinue the use of the cribs, but were advised concerning the safety issue relating to the drop-side rail so that they could inspect their cribs and obtain a repair kit. The plaintiff argues that it is possible to construe the term "recall" to mean only the return of the entire Simplicity crib.

This Court is not persuaded by these arguments concerning ambiguity. As mentioned above, parties may not torture policy language to create ambiguity, which, it would appear, Simplicity, the Wal-Mart defendants, and the plaintiff are attempting to do. The plaintiffs attached several documents to their response which

10

discuss the recall.  First, the United States Consumer Product Safety Commission announced a "voluntary recall with Simplicity Inc.," of one million cribs because the "drop-side can detach from the crib, which can create a dangerous gap and lead to the entrapment and suffocation of infants."  The press release stated that the government was aware of two deaths.  The plaintiff also attaches two pages from Simplicity's website, both copyrighted in 2007, which provide "Recall Information."  This page states that one million cribs were recalled and that the old hardware could lead to entrapment and suffocation of infants.  The plaintiff also attaches a copy of the Retrofit Instructions for Cribs she received from Simplicity.  Those instructions state that "[t]his retrofit kit is designed to work with all crib models included in the crib drop-side recall."  Pennsylvania case law instructs a court to give ordinary and natural meaning to words in insurance policies.  Here, Simplicity issued recall notices stating that the crib was capable of entrapping a child's head and causing that child to suffocate.  The "recalls" or "notices" by Simplicity informed owners of these cribs that a kit was needed to <u>replace</u> defective hardware.  It strains the definition of recall for the parties to contend that for a recall to be an "actual" recall, a party must return the <u>entire</u> product, whether it be a crib, a vehicle, or any other defective product capable of causing death or serious injury,

11

directly to the manufacturer, rather than obtaining replacement parts.[3]

This Court also finds Simplicity and the Wal-Mart defendants' contention that the death in this civil action was unrelated to the recall unpersuasive as to the issue of liability coverage. The exclusion in the James River policy states that "any and all products recalled" are excluded. As mentioned above, the policy language defines "product" to include a "part" of the product. Thus, the hardware that Simplicity recalled, as a part of the crib, is a "product" as defined under the policy. Accordingly, the crib is a recalled product and there is no coverage.

The "Combined Policy Exclusions" endorsement contains a "Duty to Defend Exclusion" that states, "Where there is no coverage under this policy, there is no duty to defend." Because this Court finds that there is no coverage under the policy, there is no duty for James River to defend Simplicity. Under Pennsylvania law, a duty to indemnify exists only where there is a duty to defend. Accordingly, James River has no duty to indemnify Simplicity. Moreover, this Court finds that there is no duty for James River to defend or indemnify the Wal-Mart defendants. The language of the

---

[3]This Court notes that the plaintiff argues in a different section of her cross motion for summary judgment that the freedom to contract is more compelling and outweighs the public policies that motivates our product liability laws. In support of this argument, she underscores the magnitude of this recall when she states that the "recalled products" were "known to have cause[d] injury and death."

"Additional Insureds - Vendors" endorsement reads, "Where no coverage shall apply herein for the Named Insured, no coverage or defense shall be afforded to the Additional Insured."

The plaintiff also argues that the Recalled Productions Exclusion endorsement is a unilateral modification of Simplicity's agreement with Wal-Mart and should be deemed void as against public policy and/or unconscionable. James River argues that the plaintiff does not have standing to raise this argument. This Court assumes, without deciding, that the plaintiff has standing to present this argument. The plaintiff first states that James River made unilateral modifications to the insurance policy with respect to its product liability coverage, which amounted to a contractual disclaimer and/or limitation of remedy. The plaintiff cites to product liability cases in West Virginia in which a manufacturer made contractual disclaimers. The cases cited by the plaintiff are not applicable to the present motions, which involves an insurance endorsement, agreed upon between an insured and an insurer.

Next, the plaintiff argues that Simplicity and James River contravened the public policy by disclaiming a contractual obligation to Wal-Mart and limiting the remedies available to Wal-Mart and to the public. She further contends that the endorsement is unconscionable. She asserts that freedom of contract does not outweigh product liability laws. This Court agrees with James River that the plaintiff appears to misunderstand James River's

13

role in this case. It is not a manufacturer and it is not a link in the distribution chain of the crib. This Court finds that it is not against public policy for insurance companies to include such an exclusion in general commercial liability policies, nor did Simplicity and James River include an unconscionable endorsement in the policy. See 17 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 49:114 (4th ed.) ("These product liability exclusions are intended to eliminate the possibility that the insured will either cut corners or take unreasonable risks in the performance of its operations and then shift the loss onto the insurer.").

In addition, the plaintiff believes that the West Virginia Commercial Code makes James River's actions unconscionable. The plaintiff cites West Virginia Code § 46-2-719(3), which states in part that "Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the los is commercial is not." However, West Virginia Code § 46-2 applies to transactions in goods. W. Va. Code § 46-2-102. In this declaratory judgment action, this Court is examining an insurance contract, not the sale of goods. Accordingly, the plaintiff's unconscionability argument based on the West Virginia Commercial Code is inapplicable.

Finally, the plaintiff asks this Court to continue this matter pursuant to Rule 56(d) so that the plaintiff can conduct discovery

14

on whether James River and/or Simplicity intended to materially misrepresent or commit fraud when it provided a Certificate of Liability Insurance on January 15, 2008 to Wal-Mart. This Court denies the plaintiff's request.

C. <u>Motion to Amend Answer and Affirmative Defenses</u>

One day before the plaintiff filed her reply to James River's motion for summary judgment, the plaintiff filed a motion to amend her answer and affirmative defenses to James River's complaint for declaratory relief pursuant to Rule 15(a) and (c)(2) in order "to clarify Third-Party Defendant's answer to allegation 16 to state that the Plaintiff admits that the drop-side failures result from both the hardware and crib design, which allow consumers to unintentionally install the drop-side upside down." The plaintiff therefore wants to deny that the entire crib was recalled and states that "only certain component parts were recalled."

Rule 15(a)(2) applies to parties seeking to amend their pleadings. This Rule states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

15

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

James River filed a response in opposition to the plaintiff's motion to amend. In that response, James River argues that the amendment is futile because it is still entitled to summary judgment despite the amendment. This Court agrees. The plaintiff, in her proposed amended answer, states that "certain component parts were recalled." As discussed above, "product," as defined in the James River policy," includes "parts." The Recalled Products Exclusion applies regardless of whether this Court grants the plaintiff leave to amend her answer. Because such amendment would be futile, this Court must deny the plaintiff's motion for leave to file an amended answer and affirmative defenses.

## V.  Conclusion

For the reasons stated above, third-party plaintiff James River Insurance Company's motion for summary judgment (Document No. 93) is GRANTED and plaintiff/third-party defendant's motion for summary judgment (Document No. 106) and defendant/third-party defendant Simplicity, Inc., a/k/a Simplicity for Children's motion for summary judgment (Document No. 108) are DENIED. The third-party defendant/plaintiff's motion to amend answer and affirmative

16

defenses to James River Insurance Company's Complaint for Declaratory Relief (Document NO. 114) is DENIED. Finally, the third-party defendants/plaintiff's motion to strike third-party plaintiff James River Insurance Company's reply in further support of motion for protective order and motion to stay (Document No. 122) and third-party plaintiff James River Insurance Company's motion for leave to extend time for filing (Document No. 126) are DENIED AS MOOT.

Accordingly, this Court GRANTS the relief sought in the complaint for declaratory judgment. Specifically:

(a) Under the James River policies, there is no coverage for Simplicity and/or its vendors in this matter.

(b) James River may terminate the defense being provided to Simplicity by the law firm of Jackson & Kelly, as no coverage exists in this matter.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: June 10, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE