IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JEANNIE GEISER, as Administratrix
of the Estate of J.G., deceased
and JEANNIE GEISER, individually,

        Plaintiff,

v.                                      Civil Action No. 5:10CV21
                                                         (STAMP)
SIMPLICITY, INC. a/k/a
SIMPLICITY FOR CHILDREN,
SFCA, INC. d/b/a SIMPLICITY, INC.
a/k/a SIMPLICITY FOR CHILDREN,
BLACKSTREET CAPITAL MANAGEMENT INC.
d/b/a BLACKSTREET CAPITAL PARTNERS, LLC
d/b/a SIMPLICITY, INC.
a/k/a SIMPLICITY FOR CHILDREN
and d/b/a SFCA, INC.,
WAL-MART STORES EAST, LP,
WAL-MART STORES, INC.,
GRACO CHILDREN'S PRODUCTS INC.,
NEWELL RUBBERMAID, INC. d/b/a
GRACO CHILDREN'S PRODUCTS, INC.,
and JOHN DOE(S) MANUFACTURER/DISTRIBUTOR/
WHOLESALER,

        Defendants.


               **MEMORANDUM OPINION AND ORDER**
           **CONFIRMING PRONOUNCED ORDERS OF THE COURT**

                      I.  Background

    On March 21, 2012, the plaintiff in the above-styled civil action filed a motion for disbursement of funds and petition and application for permission to settle a wrongful death claim which included minor beneficiaries. On that same day, the plaintiff also filed a motion requesting that this Court appoint a guardian ad litem to represent the minor beneficiaries' interests in the settlement. This Court thereafter appointed attorney Karen E. Kahle of Wheeling, West Virginia, as guardian ad litem and directed

her to file a response to the plaintiff's petition and application for permission to settle a wrongful death claim.

The guardian ad litem filed a response which questioned portions of the plaintiff's petition, including counsel for the plaintiff's request for a 45% contingency fee, a number of enumerated expenses claimed by the plaintiffs as litigation expenses, and the proposed distribution of settlement funds between the five beneficiaries, specifically the distribution of funds with regard to the three minor beneficiaries. In response to the guardian ad litem's concerns, this Court directed the parties to meet and confer to discuss and attempt to resolve the issues raised by the guardian ad litem in her response. Following this order, the plaintiff filed a response to the guardian ad litem's response to the plaintiff's petition, wherein the plaintiff provided to this Court, for the first time, itemized time sheets delineating the amount of time that each of her attorneys had spent on this case.

On May 1, 2012, this Court held a hearing regarding the plaintiffs' petition for permission to settle this civil action. At that hearing, counsel and the guardian ad litem reported that they had reached a compromise which they proposed in open court. This Court considered the explanations given for the compromise reached, as well as the petition, the guardian ad litem's original concerns along with her explanation for why she believed the compromise reached to be satisfactory and in the minors' best interest, the plaintiff's response to the guardian ad litem's

response, and testimony offered by the plaintiff, in light of the controlling law and made several rulings at the hearing. This order is in confirmation of those specific rulings. A more detailed order approving the settlement will be entered.

II. Discussion

The compromise reached by the plaintiff and the guardian ad litem regarding the requested amount of attorneys' fees resulted in the amount of fees requested remaining at 45% of the total settlement amount. The guardian ad litem indicated that, in her opinion, after reviewing plaintiff's counsels' provided statement of time and labor spent on this case, such an award was reasonable under the circumstances, and that the itemized time sheets resulted in an hourly rate for all of plaintiff's attorneys of $245.00 per hour. In considering this request and the guardian ad litem's ultimate endorsement of such an award, this Court considered the reasonableness of the fee under the factors set forth by the West Virginia Supreme Court of Appeals in Aetna Casualty & Surety Co. v. Pitrolo, 176 W. Va. 190 (1986), which are identical to those set forth by the United States Court of Appeals for the Fourth Circuit in Allen v. United States, 606 F.2d 432, 436 (4th Cir. 1979). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputations, and

>     ability of the attorneys; (10) the undesirability of the
>     case; (11) the nature and length of the professional
>     relationship with the client; and (12) awards in similar
>     cases.

Pitrolo, 176 W. Va. at 196.

At the hearing, this Court reviewed its findings regarding each of the above Pitrolo factors, and based upon the unique facts of this case, as well as the time sheets provided by the plaintiff's attorneys, determined that the fee amount requested by the plaintiff's petition was reasonable. This Court specifically notes that the approval of the requested fee amount was due to the dollar amount requested and its application to the unique facts and circumstances of this case. This Court did not adopt or endorse the 45% contingency fee arrangement and made no findings with respect to the hourly rates initially requested by the plaintiff's attorneys, but rather adopted the ultimate dollar amount due to the itemized time sheets which result in a reasonable hourly fee as applied to the total settlement.

With regard to the guardian ad litem's concerns about expenses sought by the petitions, the guardian ad litem and the plaintiff also agreed after meeting and conferring, that all expenses itemized by the plaintiff in her petition were properly included. However, this Court disagreed in this regard and found that a number of the requested expenses, specifically an unexplained check, as well as payments for dental work, clothing purchases, and trips to the salon for the plaintiff prior to her deposition, a mediation in this case, and the ultimately vacated trial, were not

4

chargeable as litigation expenses. The amount of litigation expenses awarded to the plaintiff was thus lowered accordingly.[1]

Finally, at the hearing, this Court approved a distribution of settlement funds as amended from that delineated in the petition by agreement of the guardian ad litem and the plaintiff. The terms of the settlement and the distribution to the five beneficiaries, including the three minor beneficiaries, will be fully described and officially approved by separate order of this Court. Further, this Court approved guardian ad litem fees, denied all pending motions in this case as moot, dismissed this civil action against Simplicity, Inc. and the John Doe defendants without prejudice based upon motion by the plaintiff, and dismissed the Wal-Mart defendants and this case with prejudice pending the separate order of this Court approving the settlement terms.

### III. Conclusion

For the reasons stated above, and in confirmation of the pronounced rulings of this Court at the May 1, 2012 hearing, the attorneys' fees requested by the plaintiff are hereby APPROVED based upon this Court's analysis under Aetna Casualty & Surety Co. v. Pitrolo, (supra), and the hourly rate determined to be reasonable using plaintiff's counsels' time sheets. Litigation expenses are approved as adjusted by the Court. By agreement of the parties, the John Doe defendants are DISMISSED WITHOUT

---

[1]Some additional issues regarding expenses were resolved at a conference with this Court on May 24, 2012 and will be reflected in an agreed final order to be entered by this Court.

PREJUDICE. The remainder of the rulings of this Court given at the May 1, 2012 hearing will be confirmed by separate order of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein and to Karen E. Kahle, guardian ad litem.

DATED:    May 24, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE